IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MEG HENSON SCALES,             )
                               )
          Plaintiff,           )
                               )
     v.                        )    1:15CV192
                               )
CHAUNESTI WEBB and             )
MANBITES DOG THEATER COMPANY,  )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motions to Dismiss Lawsuit with Prejudice, [or alternatively] for Summary Judgment filed by Defendants Chaunesti Webb ("Webb") and Manbites Dog Theater Company ("Manbites Dog"). (Doc. 61.) Pro se Plaintiff Meg Henson Scales ("Plaintiff") has filed a response (Doc. 67), and Defendants have replied. (Doc. 69.) Defendants have also filed a Motion for Attorneys' Fees & Costs Associated with Hearing Held Jan. 24, 2017. (Doc. 64.) Defendants filed a Notice and Alternative Reply (Doc. 71) noting that Plaintiff failed to respond to this motion.

Plaintiff has filed a Motion and a Supplemental Motion for Use of Skype or Telephone for Scales v. Webb and Man Bites Dog Theater and Summary Judgment (Docs. 68, 72), to which Defendants have responded (Doc. 70.) Plaintiff has also filed an additional

pleading (Doc. 73) which purports to respond to Defendants' motion to dismiss or alternatively, for summary judgment (Doc. 61). Plaintiff has filed an additional pleading entitled "Plaintiff's Reply to Defendants." (Doc. 76.)

These matters are now ripe for resolution, and for the reasons stated herein, Defendant's motions will be granted and Plaintiff's motion will be denied.

I. **PROCEDURAL HISTORY**

Plaintiff filed an Amended Complaint on June 25, 2015. (Doc. 19.) On July 13, 2015, Manbites Dog filed an Answer and Defenses to the Amended Complaint (Doc. 22), and Webb filed an Answer and a Motion to Dismiss Amended Complaint and for Judgment on the Pleadings. (See Docs. 23, 24.) This court denied Defendant Webb's motion to dismiss (Doc. 36). Plaintiff's attorney was allowed to withdraw and Plaintiff elected to proceed pro se. (Docs. 38, 44.)

On December 19, 2016, Defendants filed a Report of Plaintiff's Non-Compliance and Motion for Relief in the Nature of Order to Show Cause due to Plaintiff's refusal to participate in discovery and scheduled mediation. (Doc. 53.) Magistrate Judge Joi Elizabeth Peake set a hearing on Defendants' motion for order to show cause for January 24, 2017, at 10:00 a.m. (Doc. 54.) Magistrate Judge Peake specifically explained in the

order and in the docket entry itself (in capital letters and bold font) that "failure to appear will result in this case being dismissed for failing to prosecute and for violation of this order." (Id. at 2.) Plaintiff failed to appear at the hearing, but called the Clerk's Office claiming that she was unaware of the hearing until that morning. (Doc. 59 at 1.)

**II.   BACKGROUND**

Plaintiff is a resident of New York City and author of a 1995 essay titled "Tenderheaded: Or, Rejecting the Legacy of Being Able to Take It," ("Tenderheaded"). (Amended Complaint ("Am. Compl.") (Doc. 19) ¶¶ 8, 11.) According to Plaintiff, the essay uses Plaintiff's childhood memories and the history of the Civil Rights movement to criticize what Plaintiff refers to as "strongblackwoman," which is a "pain-enduring, self-denying 'anti-hero' who is 'culturally valued in direct proportion to her personal sacrifice.'" (Id. ¶ 11.) Plaintiff's essay was published in 2001 by Simon & Schuster as the title essay in an anthology entitled: "Tenderheaded: A Comb-Bending Collection of Hair Stories" ("the anthology"). (Id. ¶ 12.) The anthology was copyrighted on March 23, 2001, and Plaintiff copyrighted her individual essay on May 2, 2012. (Id. ¶¶ 14-15.) Defendant Webb allegedly obtained and read a copy of Tenderheaded at some point prior to March of 2012. (Id. ¶ 16.)

Defendant Webb completed a play entitled "I Love My Hair When It's Good: & Then Again When It Looks Defiant and Impressive" ("I Love My Hair") sometime on or about March 8, 2012, allegedly copying several passages from Tenderheaded directly into her script. (Id. ¶¶ 17-18.)

Defendant Webb put on a performance run of the play at Defendant Manbites Dog's theater between March 8 and March 17, 2012, selling out each night the play was performed. (Am. Compl. ¶¶ 25-26.) After this run of performances, Defendant Webb emailed Plaintiff to request permission to use sections of Tenderheaded, which Plaintiff denied, requesting that Defendant not use her work. (Id. ¶¶ 30-32.) After this exchange, a revised version of "I Love My Hair" was again performed at Manbites Dog Theater, between January 17 and February 1, 2014. (Id. ¶ 36.)

## III. DEFENDANTS' DISPOSITIVE MOTIONS

This court finds that Defendants' pending motion (Doc. 61) seeking dismissal pursuant to Fed. R. Civ. P. 41(b) is dispositive and will therefore address it first.

### A. Legal Standard

Fed. R. Civ. P. 41(b) provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper

> venue, or failure to join a party under Rule 19 --
> operates as an adjudication on the merits.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). However, "dismissal is not a sanction to be invoked lightly." Id. Further, "a district court must be explicit and clear in specifying that failure to meet its conditions will result in prejudicial dismissal." Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993).

There is without question a strong preference that cases be decided on the merits. See, e.g., United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993). Nevertheless, in this case, Plaintiff has refused to participate in discovery or the required mediation, failed to appear for a hearing after being ordered to do so, and engaged in non-responsive personal attacks in lieu of addressing issues on the merits. Plaintiff's flagrant disregard for the civil process necessary to addressing a claim on the merits requires dismissal.

When reviewing a motion under Fed. R. Civ. P. 41(b), courts are to consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the

defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Ballard, 882 F.2d at 95; Nowlin v. Capital One, No. 1:13CV1108, 2014 WL 795771, at *3 (M.D.N.C. Feb. 27, 2014); James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553, at *2 (M.D.N.C. June 26, 2013). This court is required to consider all four factors. See Taylor v. Huffman, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. July 22, 1997).

**B. Analysis**

Defendants argue that Plaintiff "has willfully failed to come to Court to explain her misconduct, and falsely represented to the Court that she had no notice of the hearing set to address her failures." (Defs.' Mem. in Supp. of Mots. to Dismiss ("Defs.' Mem.") (Doc. 62) at 15.) Defendants argue that "[t]he Court explicitly and unmistakably warned Plaintiff that the action could be dismissed if she failed to appear or if she failed to explain her failures to properly prosecute her case, yet Plaintiff failed to respond or to appear as ordered." (Id.)

Plaintiff responds in three different pleadings with a barrage of excuses, personal anecdotes and inflammatory accusations against Defendants and their counsel. (See Pl.'s Resp. to Defs. asking for dismissal of case "with prejudice" and

Request for Summ. J. ("Pl.'s Resp. 1") (Doc. 67) at 1-6); Pl.'s Mot. and Supplemental Mot. for Use of Skype or Telephone for Scales v. Webb and Man Bites Dog Theater, and Summ. J. (Pl.'s Resp. 2") (Docs. 68, 72) at 1-7; Resp. in Supp. of Summ. J.; Rejection of Def's Mot. to Dismiss with Prejudice; and Resp. to Susan Freya Olive, of March 27, 2017 ("Pl.'s Resp. 3") (Doc. 73) at 1-9.)

Plaintiff argues that because she is "the victim" in the present case, she should not be required to bear travel costs or other expenses related to this litigation. (Pl.'s Resp. 1 (Doc. 67) at 1.) Plaintiff argues that the ongoing litigation is "killing [her]." (Id. at 6.) Plaintiff argues that she should not be required to come to North Carolina due to an email receipt she received from a Wilmington, North Carolina Home Depot store containing items "one could use . . . to kill and/or dispose of a body." (Pl.'s Resp. 2 (Doc. 72) at 2.) Plaintiff argues that she should not be required to come to North Carolina because she "suffer[s] from Post-Traumatic Stress Disorder" and has "endured the suicides of three of [her] family members." (Id.) Plaintiff also argues that she cannot fly because she "was raped by an overzealous and criminal NSA officer, at PDX, in Portland, Oregon's airport." (Id. at 4.) Plaintiff argues that "[t]here is a correlative between [her] illness and [her] dis-

- 7 -

ease with flying to North Carolina, and potentially being abducted, tortured, and/or murdered, by a well-meaning fan of the Defendants." (Id. at 5.)

Plaintiff's many pages of reasons that travel to North Carolina works as an undue hardship ignore the fact that Plaintiff filed her Complaint and Amended Complaint in the Middle District of North Carolina. (See Docs. 1, 19. It may be that Plaintiff had to file in this district for jurisdictional reasons, but Plaintiff's complaints about proceeding in the district in which she filed are not compelling.

The four factors enumerated in Ballard, 882 F.2d at 95, as applied here, are best understood in the context of the procedural history. Plaintiff was originally represented by counsel, however, counsel moved to withdraw prior to the initial pretrial conference. (Doc. 38.) When Magistrate Judge Peake granted Plaintiff's prior counsel's motion to withdraw, Magistrate Judge Peake specifically provided that:

> To the extent [Plaintiff] is electing to proceed pro se, she will be responsible for complying with the Federal Rules of Civil Procedure and the Local Rules of this Court, which includes her obligation to attend any hearing or other proceeding scheduled by the Court. Therefore, Plaintiff must appear in person for the Pretrial Conference on June 23, 2016.

(Doc. 44 at 2.) On September 10, 2016, Plaintiff "consent[ed] to receive service of documents and notices of electronic filings

via the Court's Electronic Filing System." (Doc. 49.) On December 19, 2016, Defendants filed their report of Plaintiff's non-compliance and a motion for a show cause order, which alleged that Plaintiff refused to participate in mediation or engage in discovery. (Doc. 53 at 1-6.) Defendants allege that one of Plaintiff's purported reasons for her inability to participate include a family trip to Florida. (Id. at 3.)

Following the filing of Defendants' above-described motion, Magistrate Judge Peake signed an Order addressing these issues on December 22, 2016. (Doc. 54.) This Order set a hearing for January 24, 2017, at 10:00 a.m. and proscribed that "Plaintiff is specifically cautioned that she must appear in person at the hearing; failure to appear will result in this case being dismissed for failing to prosecute and for violation of this Order." (Id. at 1.) The Order again cautioned Plaintiff that she must appear at the hearing in person, followed by these words in bold font and all capital letters: "Failure to appear will result in this case being dismissed for failure to prosecute and for violation of this order." (Id. at 2.) The docket entry for the December 22, 2016 Order contains the same text, again reproduced in bold font and capital letters. (Doc. 54.)

Despite these clear warnings, Plaintiff failed to appear at the January 24, 2017 hearing. (Doc. 59 at 1.) However,

"Plaintiff contacted the Clerk's Office less than two hours before the hearing, claiming that she was unaware of the hearing until that morning and that she had not received notice of the hearing." (Id.) Setting aside Plaintiff's refusal to take personal responsibility for her failure to appear, this court takes a dim view of Plaintiff's claim given its apparent and objective inconsistency to the January 23 email Plaintiff sent to Defendants.

At the January 24, 2017 hearing, Defendants introduced an email from Plaintiff dated January 23, 2017, and time-stamped at 4:20 p.m. (Id. at 2.) "In the e-mail, Plaintiff represented that she would not attend the hearing, but cited an ongoing personal family issue, rather than lack of notice, as her excuse." (Id. at 2-3.) Further, "[t]he Court's ECF filing system includes an electronic receipt that shows that the Order was sent to Plaintiff at the e-mail address where she consented to receive electronic service in this case." (Id. at 2.) The implications of this email, as well as the fact that Plaintiff's chosen email address received notice of the hearing, significantly undercut Plaintiff's assertion that she was unaware of the January 24, 2017 hearing.

This court now turns to the four factors enumerated by the Fourth Circuit in Ballard when determining whether to dismiss a

plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b). Ballard, 882 F.2d at 95.

First, this court must consider "the degree of personal responsibility of the plaintiff." Id. Here, because Plaintiff is a pro se litigant who was explicitly advised to comply with court rules and orders, this court assigns Plaintiff sole responsibility for the present misconduct. Snipes, 2013 WL 4833021, at *4; Paragon Revenue Grp., 2013 WL 3243553, at *2; see Kiser v. Salisbury Police Dep't, No. 1:14CV51, 2015 WL 4094089, at *1-2 (M.D.N.C. July 7, 2015). Magistrate Judge Peake clearly delineated Plaintiff's responsibilities in her multiple warnings, which Plaintiff received and acknowledged, yet still refused to follow. Although Plaintiff is proceeding pro se and might be entitled to some deference, the instructions and responsibilities were patently clear.

Second, this court must consider "the amount of prejudice caused the defendant." Ballard, 882 F.2d at 95. Plaintiff caused prejudice to Defendants in the form of wasted time and attorneys' fees by refusing, in bad faith, to participate in mediation and discovery as well as by refusing to appear at the January 24, 2017 hearing. (Doc. 59.) The discovery period is closed (see Doc. 46), and Plaintiff has not complied with the mediation requirement. Plaintiff also has not appeared at a

hearing to address her failure to participate in discovery and mediation. (Doc. 54.)

Third, this court must consider "the existence of a history of deliberately proceeding in a dilatory fashion. Ballard, 882 F.2d at 95. Here, the record shows that Plaintiff has "proceed[ed] in a dilatory fashion." Id. "Plaintiff's failure to comply with the mediation requirement was willful and defiant, and resulted in significant expenditures of time by Defendants and by the assigned mediator, who repeatedly attempted to work with Plaintiff to schedule the mediation, to no avail." (Doc. 59 at 3-4.) "Despite numerous opportunities to do so, Plaintiff refused to respond to any of Defendants' discovery requests, even in light of accompanying warnings that refusal to participate in discovery as ordered by the Court could result in dismissal of the action." (Id. at 4.) Further, "[i]nstead of responding to discovery as required by the Rules of Civil Procedure, Plaintiff responded with non-responsive e-mails filled with personal attacks on Defendants and Defendants' counsel, in violation of this Court's Local Rules and the decorum expected of parties appearing before this Court." (Id.) Beyond Magistrate Judge Peake's summary, this court is disturbed by the contents of Plaintiff's email correspondence – to label her systematic and continued approach to this case "dilatory" is

a significant understatement. (See Defs.' Mem., Ex. G (Doc. 62-8) at 2-4; Ex. F (Doc. 62-7) at 2.)

Fourth, this court must consider "the existence of a sanction less drastic than dismissal." Ballard, 882 F.2d at 95. Magistrate Judge Peake's Order specifically warned Plaintiff that her failure to appear at the hearing would result in dismissal of this case. "In view of that warning, the Court has little alternative to dismissal. Any other course would have the effect of placing the credibility of the Court in doubt and inviting abuse." Nowlin, 2014 WL 795771, at *4; Snipes, 2013 WL 4833021, at *4; Paragon Revenue Grp., 2013 WL 3243553, at *2.

As such, this court finds that all four Ballard factors weigh heavily in favor of dismissing the present action with prejudice. 882 F.2d at 95.

## IV. DEFENDANTS' MOTION FOR ATTORNEYS' FEES

In the January 30, 2017 Order, Magistrate Judge Peake provided that, in addition to filing the present dispositive motion, "Defendants may also file a motion for reimbursement of their reasonable expenses, including attorneys' fees, incurred in connection with filing the Motion for Order to Show Cause and attending the hearing." (Doc. 59 at 6.) On February 7, 2017, Defendants moved for a total of $3,248.60 in fees and costs. (Docs. 64, 65.) Plaintiff did not respond. (See Doc. 71.)

**A.   Legal Standard – Availability of Fees**

Title 17, United States Code, Section 505 provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." The Fourth Circuit has provided that "[i]n exercising such discretion, we have instructed district courts to consider: (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented." Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., 74 F.3d 488, 498 (4th Cir. 1996).

**B.   Analysis – Availability of Fees**

First, this court must consider "the motivation of the parties." Id. at 498. While this case may have started as an author pursuing a claim under copyright law, this courts agrees with Magistrate Judge Peake's assessment that it has since dissolved into Plaintiff's repeated sending of "non-responsive e-mails filled with personal attacks on Defendants and Defendants' counsel, in violation of this Court's Local Rules and the decorum expected of parties appearing before this Court." (Doc. 59 at 4.)  Plaintiff also writes extensively about

her seeming desire for revenge. (See (Pl.'s Resp. 1) (Doc. 67) at 6); (Pl.'s Resp. 2) (Doc. 72) at 7); Pl.'s Resp. 3 (Doc. 73) at 9.) As such, this court finds that Plaintiff's apparent motivations weigh in favor of awarding fees to Defendants.

Second, this court must consider "the objective reasonableness of the legal and factual positions advanced." Superior Form Builders, 74 F.3d at 498. Briefly setting aside the other contents of Plaintiff's pleadings, this court finds Plaintiff's "Motion for Use of Skype or Telephone for Scales v. Webb Summary Judgment" to be particularly troublesome. (Doc. 68.) It is in this pleading that Plaintiff asserts or argues that Defendants, by use of an email receipt from a Wilmington, North Carolina Home Depot, threatened to murder her. (Id.) This court finds that such an argument is wildly inappropriate and weighs heavily in favor of awarding fees to Defendants.

Third, this court must consider "the need in particular circumstances to advance considerations of compensation and deterrence." Superior Form Builders, 74 F.3d at 498. As discussed above, there is significant need for deterrence in the present situation. Litigants must follow this court's orders and realize that there are real consequences for failing to do so. As such, this factor weighs heavily in favor of awarding fees to Defendants.

Fourth, this court can consider "any other relevant factor presented." Superior Form Builders, 74 F.3d at 498. This court has considered the fact that Plaintiff is a pro se litigant, and accordingly afforded her the lenience to which such litigants are entitled.

This court finds that, given the factors outlined above, an award of fees to Defendants is proper as to the January 24, 2017 hearing.

C. **Legal Standard – Fee Amount**

"The proper calculation of an attorney's fee award involves a three-step process." McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). First, "a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." McAfee, 738 F.3d at 88. Second, "the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Id. Finally, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id.

**D. <u>Analysis – Fee Amount</u>**

This court must first determine "a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." <u>Robinson</u>, 560 F.3d at 243. In support of their request for fees, each of Defendants' counsel[1] has submitted declarations attesting to their fees. (Defs.' Mem. in Supp. of Mot. for Attorneys' Fees ("Defs.' Attys' Fees Mem.") (Docs. 65-1, 65-2).) "Susan Freya Olive, an intellectual property litigator with over 40 years' experience . . . billed at her usual rate of $395/hour; and Swain Wood, a commercial and intellectual property litigator with almost 20 years' experience . . . billed at a reduced rate for comparable cases of $300/hour." (Defs.' Attys' Fee Mem. (Doc. 65) at 2-3.) Defense counsel has also submitted a number of district court citations within the Fourth Circuit containing awards of fees, as "[t]his requirement is met by compensating attorneys at the prevailing market rates in the relevant community." <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 31 F.3d 169, 175 (4th Cir. 1994) (internal quotation marks and citation omitted). Attorneys Wood and Olive also billed 4.5 and 4.6 hours, respectively. (Defs.' Attys' Fee

---

[1] Attorney W. Swain Wood withdrew from the case, and attorney J. Christopher Jackson, who is now the attorney of record for Defendant Manbites Dog Theater Company, submitted the declaration on attorney Wood's behalf. (See Docs. 60, 65-2.)

Mem. (Doc. 65) at 3.) Attorney Olive billed an additional $81.60 for her mileage and parking associated with attending the January 24, 2017 hearing. (Id. at 3-4.) This court concurs with Defendants' counsel that $3,248.60 is a fair and accurate lodestar calculation.

Turning to the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), this court finds that they do not warrant a further deduction or increase. McAfee, 738 F.3d at 88.

Finally, because this court is dismissing Plaintiff's only count, this court finds that 100% of the requested fee should be awarded. Id.

## V. PLAINTIFF'S MOTION FOR ACCOMMODATIONS OR TO CHANGE VENUE

Citing her purportedly declining health and a variety of other concerns, Plaintiff moved that she either be allowed to conduct the remainder of her case telephonically or that this court transfer the venue of her case to New York. (See Mot. for Use of Skype or Telephone for Scales v. Webb Summ. J. (Doc. 68) at 1-4; Supplemental Mot. for Use of Skype or Telephone for Scales v. Webb and Man Bites Dog Theater and Summ. J. (Doc. 72) at 1-7.) Because this court is dismissing Plaintiff's complaint with prejudice, this court finds no further reason to consider the motions as they are now moot.

## VI. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Lawsuit with Prejudice, and for Summary Judgment (Doc. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees & Costs Associated with Hearing Held Jan. 24, 2017 (Doc. 64) is **GRANTED**. Plaintiff is **HEREBY ORDERED** to pay Defendants a total of $3,248.60 in fees and costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Supplemental Motion for Use of Skype or Telephone for Scales v. Webb and Man Bites Dog Theater and Summary Judgment (Docs. 68, 72) are **DENIED** as moot.

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 5th day of June, 2017.

_____
                    William L. Osteen, Jr.
             United States District Judge